**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**GLIEE GUNSALUS,**

       **Plaintiff,**      No. _____

-against-             **COMPLAINT**

**MIDLAND FUNDING LLC and**
**FORSTER & GARBUS, LLP,**

       **Defendants.**

---

## I. Introduction

1. This is an action for damages brought by an individual consumer for the violation by Defendants Midland Funding LLC and Forster & Garbus, LLP of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. The debt sought to be collected by Midland Funding, LLC and Forster & Garbus, LLP was an alleged consumer credit debt of Plaintiff Gliee Gunsalus to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

3. Plaintiff Gliee Gunsalus ("Gunsalus") is a natural person residing in the County of Ontario at 1338 White Road, Phelps, New York 14532.

4. Upon information and belief, Defendant Midland Funding LLC ("Midland Funding"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5. Upon information and belief, Defendant Forster & Garbus, LLP ("Forster & Garbus") is a domestic registered limited liability partnership engaged in the business of collecting debts in New York and is authorized to do business in this state, and has an address for service at 60 Motor Parkway, Commack, New York 11725.

6. Midland Funding is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Midland Funding itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

7. Forster & Garbus is a debt collector as defined by the FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8. Gunsalus qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

## IV.   FACTUAL ALLEGATIONS

9. On or about March 6, 2015, Midland Funding by its attorneys, Forster & Garbus, filed a collection action against Gunsalus in Supreme Court, Ontario County, State of New York, entitled *Midland Funding LLC A/P/O Webbank v. Gliee Gunsalus*, Index No. 112215-15. The collection summons and complaint was served on Gunsalus subsequent to filing.

10. The complaint in the collection action alleged a single cause of action in which Midland Funding alleged that it purchased a credit card account on which Gunsalus was liable for $769.59 and on which Webbank was the original creditor. The summons in the collection action also indicated that the original creditor was Webbank.

11. Midland Funding further alleged in the collection complaint to have obtained the credit card account originally owned by Webbank on which it brought a lawsuit against Gunsalus, after the credit card account was already in default.

12. On or about April 9, 2015, Gunsalus interposed an answer in the collection action in which she denied the allegations of the collection action complaint, and raised various affirmative defenses, including lack of standing.

13. Subsequent to serving an answer, Gunsalus brought a motion for summary judgment in the collection on the grounds that Midland Funding could not prove with admissible evidence that it owned any account on which Gunsalus was originally liable to Webbank, and therefore lacked standing to bring the collection action. (The court's denial of the summary judgment motion was appealed to the Appellate Division, Fourth Department, where it is now pending, thus we still take the position that Midland Funding had no standing to bring the collection action under New York State law. However,

certain of Midland Funding's papers in opposition to the summary judgment motion support claims made in this FDCPA action).

14. Among the papers submitted by Midland Funding in opposition to the collection action summary judgment motion was an Affidavit of Witness of Plaintiff (Debt Buyer) made by Andrew Lankey, an officer of Midland Funding, sworn to March 23, 2015, in which Mr. Lankey alleged that the chain of title of the Gunsalus account was as follows: Webbank (original creditor) sold the account to Bluestem Brands, Inc./Santander Consumer U.S.A. (debt buyer), which in turn sold the account to Midland Funding.

15. Another affidavit submitted with Midland Funding's opposition papers was the Affidavit of Sale of Account by Debt Seller made by Scott Carter, Vice President, Credit Operations, Bluestem Brands, Inc., and sworn to on August 29, 2014.  The Carter Affidavit stated that Bluestem Brands sold a pool of charged-off accounts to Midland Funding, after it obtained the accounts from Webbank.  Further, the Carter Affidavit stated that the original creditor for accounts originated between February 17, 2010 and June 30, 2012 was MetaBank, which in turn sold the accounts to Webbank.

16. A printed copy of a "Field Data" spreadsheet also included with Midland Funding's opposition to the summary judgment in the collection action indicated that Gunsalus' account was opened on November 11, 2011.  Thus according to the Carter Affidavit, the original creditor on the Gunsalus account would have been MetaBank.

17. However, as stated above, the collection summons as well as the collection complaint stated that the original creditor was Webbank, not MetaBank, and according to the Lankey Affidavit, MetaBank was not even included in the chain of title.

4

18.   Therefore, the designation of Webbank as the original creditor was false and deceptive, since the actual original creditor according to Midland Funding's collection summons and complaint, as well as the Lankey Affidavit, was Webbank.

19.   The caption in the collection action against Gunsalus designated the plaintiff as *Midland Funding LLC A/P/O Webbank*.  The term "A/P/O," as stated in the collection complaint, is short for "as purchaser of."  Therefore the caption on the summons as well as on the complaint in the collection action set forth a plaintiff called "Midland Funding LLC as purchaser of Webbank," an entity that has no legal existence.

20.   Midland Funding LLC never purchased Webbank.

21.   The designation of the plaintiff in the collection claim is therefore inaccurate, deceptive, and confusing.  Such a plaintiff does not actually exist.

22.   An unsophisticated consumer that was a defendant in the collection action would be confused by such a designation, and would not know who the plaintiff was – whether it was Midland Funding LLC; Webbank; Midland Funding as the purchaser of Webbank; or otherwise.  The consumer could easily be deceived into believing that the Webbank was bringing the collection claim rather than a debt buyer in its own name, or that Midland Funding LLC was authorized as the purchaser of Webbank to bring the collection claim without any transfer of the disputed account to Midland Funding.  Moreover, the term "A/P/O" is not a recognized legal term, and there is no legitimate basis for putting this term in the caption.  Finally, an unsophisticated consumer would be materially deceived by naming a non-entity as the plaintiff in the captions of the summons and complaint.

## V.  FIRST CLAIM FOR RELIEF

23. Gunsalus repeats and realleges and incorporates by reference the above paragraphs of the Complaint.

24. Midland Funding and Forster & Garbus violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Midland Funding and Forster & Garbus misrepresented in the collection summons, as well as the collection complaint, that the original creditor on the Gunsalus account was Webbank, when its own papers in opposition to the motion for summary judgment in the collection action demonstrate that even assuming there was standing, which we deny, that the chain of title was as follows: Metabank (original creditor) to Webbank to Bluestem Brands, Inc. to Midland Funding.

25. Midland Funding and Forster & Garbus violated 15 U.S.C. § 1692e by deceptively and misleadingly designating the plaintiff in the caption of the collection claim as "Midland Funding LLC A/P/O Webbank," an entity that has no legal existence. Further, Midland Funding deceptively and misleadingly represented that Midland Funding purchased Webbank, and was suing in the capacity of a purchaser of Webbank when in fact it was not.  In addition, an unsophisticated consumer could easily be further mislead and confused by such a designation, and would not know if the plaintiff was Midland Funding LLC; Webbank; Midland Funding as the purchaser of Webbank; or otherwise.

26. Midland Funding and Forster & Garbus violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection complaint against Gunsalus the character

and legal status of the alleged debt. Midland Funding and Forster & Garbus falsely represented in the collection summons and collection complaint that Webbank was the original creditor. In fact, Midland Funding's own papers showed that the chain of title originated with MetaBank, not Webbank.

27. Midland Funding and Forster & Garbus violated 15 U.S.C. § 1692f, which provides in relevant part: "§ 1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Midland Funding and Forster & Garbus violated § 1692f by misrepresenting the identity of the original creditor as Webbank, when in fact according to Midland Funding's own papers the original creditor was MetaBank, and further violated this section by designating the plaintiff as a non-entity, "Midland Funding A/P/O Webbank." It is clearly unfair and unconscionable to misrepresent the identity of the original creditor as well as the identity of the plaintiff.

28. Midland Funding and Forster & Garbus also violated Section 1692e(2)(A) of the FDCPA as to the character and legal status of the alleged debt by stating in the caption of the collection claim that it was the purchaser of the original creditor, and therefore would be entitled to collect on the debt as purchaser of the original creditor rather than as a debt buyer. Midland Funding's claim that it was the purchaser of the original creditor also violated 15 U.S.C. § 1692e(10) since this claim was a false representation and deceptive means to collect or attempt to collect a debt.

29. Midland Funding and Forster & Garbus violated 15 U.S.C. § 1692e(14) with its claim in the caption to be "Midland Funding LLC A/P/O Webbank," a nonexistent entity, by using a "business, company, or organization name other than the true name of the debt collector's business, company, or organization."

30. All the misrepresentations, deceptions, and unconscionable and unfair means employed by Midland Funding and Forster & Garbus were material and likely to mislead the least sophisticated debtor.

31. As a result of the above violations of the FDCPA, Midland Funding and Forster & Garbus are liable to Gunsalus for her actual damages for the cost of attorney fees in defending the collection lawsuit in the amount of $300, statutory damages, and costs and attorney fees for prosecuting this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages in the amount of $300.

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k.

E. For such other and further relief as may be just and proper.

Dated: March 2, 2016

          Respectfully submitted,

          s/David M. Kaplan
          David M. Kaplan
          Attorney for Plaintiff
          2129 Five Mile Line Road
          Penfield, NY 14526
          585-330-2222
          dmkaplan@rochester.rr.com